**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

THELMA WILLIAMS JR.
ADC # 93197                                                                         PLAINTIFF


V.                                    5:07CV00300 JMM/HDY


R. COOK, Medical Services, Varner Unit,
Arkansas Department of Correction; CONNIE
HUBBARD, Medical Services, Varner Unit,
Arkansas Department of Correction; TRACY ALDRIDGE,
Medical Services, Varner Unit, Arkansas Department
of Correction; and SANDRA STRATTON, Medical Services,
Varner Unit, Arkansas Department of Correction                  DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

James M. Moody.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

1

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate in the custody of the Arkansas Department of Correction at the Tucker

Maximum Security Unit, filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging claims of

deliberate indifference against employees of Correctional Medical Services, the contract provider

of medical care to the Arkansas Department of Correction.   According to Plaintiff, he has been

wrongly denied body lotion that he needs to treat a skin condition that he believes is the result of an

allergic reaction suffered in the past.   A pre-jury evidentiary hearing was held in this matter on

August 27, 2008, and the Court determined that the medical record was not sufficiently developed

to allow the undersigned to make a recommendation to the district judge as to the question whether the matter warranted a jury trial. The record was left open for the submission of additional medical evidence, and the Defendants were allowed time in which to submit a dispositive motion. Plaintiff has filed various responses, including motions to amend his complaint to add additional Defendants, and the matter is ripe for disposition.

After careful consideration, and because the Court agrees that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, the undersigned recommends summary judgment be entered in Defendants' favor and that the case dismissed.

## II. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir.1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is

3

insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir.1985)).

### III.  Background and Analysis

Plaintiff filed his Complaint alleging deliberate indifference on the part of the Defendants in failing to continue to provide him with a particular body lotion which has been previously prescribed for him in the past.[1]  Defendant Hubbard is an Advanced Nurse Practitioner who has previously provided him with this lotion.  Defendant Aldridge is an X-ray technician who has responded to Plaintiff's grievance forms, and Defendant Stratton was the Health Services Administrator for Correctional Medical Services.[2]  Plaintiff was first prescribed Thera-P hand and body lotion in September of 2006 at his own request, apparently for dry skin.  This lotion is not a prescription item, but, according to Plaintiff, it is not available for purchase by the inmates at the commissary and must therefore be obtained from the infirmary.

On February 5, 2007, Plaintiff was diagnosed with a skin rash and treated with triamcinolone cream prescribed by Dr. Scott.  Two months later, at Plaintiff's request, the Thera-P lotion prescription was refilled by Dr. Shah (not a named Defendant ) and again on July 21 and December 11, 2007, by Defendant Hubbard, also at Plaintiff's request.  It was not refilled again until August 12, 2008, when Plaintiff was treated for eczema.

In support of their Motion for Summary Judgment, Defendants have submitted the affidavit

---

[1]  Although the Court was previously under the impression that Plaintiff was also asserting other claims related to his medical care, i.e., for the allergic reaction to medication and for treatment of a hand injury, Plaintiff made it clear at the pre-jury evidentiary hearing that the issue in this particular lawsuit was solely the failure to provide the requested lotion.  Those claims have apparently been raised in Plaintiff's other cases and will not be addressed here.

[2]  Defendant R. Cook has not yet been successfully served with notice of this action.

4

of Dr. Roland Anderson, the Regional Medical Director for their employer, Correctional Medical

Services. *See* docket entry #75, Exh. A.  Dr. Anderson states he reviewed Plaintiff's medical records

and found that on September 16, 2006; February 5, 2007; April 2, 2007; July 21, 2007; December

11, 2007; and December 12, 2008, Plaintiff was determined to have either an acute skin condition

or at least dry skin that justified the granting of his requests for the lotion.  Several of these

prescriptions, i.e., April 2nd, July 21st, also included at least two refills, so Plaintiff received new

bottles or tubes on July 30, August 7, August 27, September 4, and September 9, 2007, and at least

two refills following the December 11, 2007 prescription.

Neither Dr. Anderson, nor Defendant Hubbard, who also provided a sworn affidavit, agreed

with Plaintiff's assertion that he has a serious medical need for this lotion.  Their position is that this

is simply a comfort item and, in the absence of any objective medical need for this particular lotion,

Plaintiff should purchase lotion from the commissary.  Even indigent inmates are provided monthly

commissary credits with which to buy comfort items, such as lotion.[3]  *See* Defendants' Statement

of Material Facts, docket entry # 75, Exhibits A & B.

It is well-established that deliberate indifference to a prisoner's serious medical needs is

prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Albertson v.

Norris*, 458 F.3d 762, 765 (8th Cir. 2005). "A prisoner's Eighth Amendment rights are violated if

prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" *Olson v.

Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003), quoting *Estelle v. Gamble, supra* at 106. To prevail

---

[3] Plaintiff has responded to this argument by bringing to the Court examples of the available lotions and powders, to demonstrate that the products for sale in the commissary are not the same as the Thera-P lotion that he seeks.  For purposes of this recommendation both sides seem to agree that the lotion for sale in the commissary and the Thera-P lotion are not the same brand of emollient.

5

on a claim of constitutionally inadequate medical care, an inmate must "demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulaney v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997), citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Tlamka v. Serrell*, 244 F.3d 628, 633 (8th Cir. 2001). "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulaney, supra*, citing *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). Deliberate indifference requires more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Jolly v. Knudsen*, 295 F.3d 1094, 1096 (8th Cir. 2000), quoting *Estate of Rosenburg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

The initial inquiry must be whether the Plaintiff suffered from an objectively serious medical need, before reaching the issue whether the Defendants knew about that need but deliberately disregarded it. A serious medical need is "one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Vaughn v. Greene County*, 438 F.3d 845, 851 (8th Cir. 2005), quoting *Pool v. Sebastian County, Arkansas*, 418 F.3d 934, 944 (8th Cir. 2005).

Dry skin has been described by one court as "a universal problem by prisoners," *Spann v. Correctional Medical Services* , No. 05-4067-CV-C-SOW, 2006 WL 2423107 at *5 (W.D. Mo. Aug. 21, 2006). Defendants have brought forth evidence from two medical professionals, based on Plaintiff's own medical records, offering their opinions that Plaintiff's dry skin condition was not sufficiently serious or acute to rise to the level of a serious medical need. The burden has now

shifted to Plaintiff to produce some specific facts showing that a genuine issue of material fact still exists.  He has not, however, demonstrated anything other than a desire for the infirmary to provide him with the specific lotion he prefers for his dry skin.  Although Plaintiff is convinced that he suffers from  continuing skin irritation from a previous drug reaction, there is no medical evidence in the record that supports this belief, or his contention that the Thera-P lotion, an over-the-counter emollient, is a medicated lotion.

Unlike the situation in *Keller v. Faecher,* 44 Fed.Appx. 828, 831 (9th Cir. 2002), *cited in Applewhite-Bey v. Tripoli*, No. 05-2160, 2007 WL 892566 at *6 (D. Minn  Mar. 21, 2007), where that plaintiff survived a motion for summary judgment on the question whether the prison doctor acted with deliberate indifference based on his recommendation of the purchase of over-the-counter medication, with the knowledge that the plaintiff may have lacked the funds to make such a purchase, even indigent prisoners at the Arkansas Department of Correction receive monthly commissary credits with which to purchase comfort items such as the lotions that are available. Here, Plaintiff was provided the lotion when his medical conditions warranted its use, and he was given the means and opportunity to purchase alternatives  at other times.  This simply does not rise to the level of deliberate indifference on the part of the Defendants.

## IV.  Pending Motions

Since the filing of the Defendants' Motion for Summary Judgment, Plaintiff has filed two more motions for leave to amend his complaint (docket entries ## 83 & 87).  In these pleadings Plaintiff alleges failure to provide the lotion on various dates in July and August of 2008, and seeks to add as Defendants Doctors Joe Hughes, Scott, and Roland Anderson.   These motions were filed in January of 2009, fourteen months after the initiation of this lawsuit, a month after the Defendants'

dispositive motion was filed, and the events occurred long after the incidents at issue in Plaintiff's original Complaint.  While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires," in this situation amendment would serve only to further delay justice and prejudice the Defendants.  It is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery and impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980)(affirming denial of leave to amend, although bad faith and dilatory motive were not found, where "amendment sought to add several . . . additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters . . . which could not have been raised initially").

Plaintiff filed this Motion to Amend in conjunction with his Response to the Defendants' summary judgment motion. Under these circumstances, to permit amendment at this stage would unduly prejudice the Defendants. "To grant [Plaintiff] leave to amend is potentially to undermine [Defendants'] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint. . . . A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." *Tarantino v. Pierce*, 149 F.3d 1174 (5th Cir.1998), *cert. denied* 525 U.S. 1144.  *See also Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470 (7th Cir.1991)(Where plaintiffs sought to amend to establish entirely new factual basis for their claims, the district court did not abuse its discretion in denying motion since plaintiffs proposed their amendment over a year after they had instituted their actions and several months after

8

discovery had effectively terminated and after defendant had already moved for summary judgment, although they offered no excuse for delay); *NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957 (5th Cir.1991); *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146 (5th Cir.1990)(motion to amend, filed 2 1/2 years after action was commenced and after both parties had moved for summary judgment, was properly denied because plaintiff's summary judgment motion represented that all theories of liability and all defenses had been presented and that case was ripe for summary treatment, and because defendant had right to prevail on its summary judgment motion and plaintiff should not be permitted, without adequate grounds, to avoid summary judgment by amending its complaint). Accordingly, the undersigned recommends that Plaintiff's Motions to Amend be DENIED.

## V.  Conclusion

For all these reasons,

IT IS THEREFORE RECOMMENDED that:

1.   Defendants's Motion for Summary Judgment (docket entry #73) be GRANTED and Plaintiff's case be DISMISSED WITH PREJUDICE;

2.   Plaintiff's Motions to Amend (docket entries ## 83 & 87) be DENIED; and

3.   Plaintiff's Motion for Appointment of Counsel (docket entry #82) be DENIED as moot.

DATED this   9   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE